**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED POULTRY CONCERNS, a Maryland nonprofit corporation, | No. 17-55696 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-01810-AB-GJS |
| v. | |
| CHABAD OF IRVINE, a California corporation; ALTER TENENBAUM; ELY TENENBAUM; DOES, 1 through 49, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 13, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and AMON,** District Judge.

Plaintiff is a non-profit organization "dedicated to promoting the respectful

treatment of domestic fowl." Defendant Chabad of Irvine is a non-profit religious

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

organization, and Defendant Alter Tenenbaum is the head of the organization. Defendants perform a Kapparot[1] ritual between Rosh Hashanah and Yom Kippur.

Plaintiff's operative complaint contains one claim under California's Unfair Competition Law ("UCL"). Plaintiff alleges that "[b]y accepting monetary compensation for violating PC section 597(a),[2] Defendants have engaged in acts or practices that constitute unlawful and unfair business practices, as those terms are defined in section 17200 *et seq.* of the California Business & Professions Code."

Defendants moved the district court to dismiss Plaintiff's First Amended Complaint for failure to state a claim, among other things. As an initial matter, the district court found that Plaintiff established jurisdiction under 28 U.S.C. § 1332 and had Article III standing. However, the district court granted Defendants' motion for failure to state a claim under the UCL. Plaintiff now appeals that order.

We have jurisdiction under 28 U.S.C. § 1291. Plaintiff lacked Article III standing, and therefore we vacate the district court judgment and remand with instructions to dismiss for lack of jurisdiction.

We review *de novo* a district court's decision to grant a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *O'Brien v. Welty*,

---

[1] Kapparot is an atonement ritual that involves recitation of prayer and results in the Kosher killing of chickens.

[2] Referring to California Penal Code 597(a), which makes illegal the malicious and intentional killing of an animal.

818 F.3d 920, 929 (9th Cir. 2016); *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Circuit courts must establish jurisdiction before moving onto any merits decisions. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). We review the "district court's findings of fact relevant to its determination of subject matter jurisdiction," including standing, for clear error. *Assoc. of Am. Med. Colleges*, 217 F.3d at 778; *United States v. Singleton*, 987 F.2d 1444, 1447 (9th Cir. 1993).

Defendants argue that Plaintiff does not have standing to bring a claim in federal court. The familiar standing doctrine that we apply to individual plaintiffs extends to organizations. *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010). Plaintiff must establish (1) injury in fact; (2) causation; and (3) redressability. *Id.* Plaintiff failed to establish injury in fact, and therefore did not establish standing.

"An organization suing on its own behalf can establish an injury when it suffered 'both a diversion of its resources and a frustration of its mission.'" *La Asociacion*, 624 F.3d at 1088 (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). However, "[i]t cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Id.* (citing *Fair Employment*

3

*Council v. BMC Mktg. Corp*, 28 F.3d 1268, 1276–77 (D.C. Cir. 1994)).  Put another way, Plaintiff must show that it "would have suffered some *other* injury if it had not diverted resources" to counteract the Defendants' Kapparot practice.  *Id.* (emphasis added).

Plaintiff alleges that it diverted the time of its employee, Ronnie Kudlow Steinau, to investigate Defendants' Kapparot practices.  It states that its organizational mission "includes education and advocacy opposing the use of chickens in Kapparot even when done lawfully."   By engaging in "*unlawful* acts of killing chickens to be discarded, [Defendant has] frustrated this organizational mission," because now plaintiff "must choose between spending organizational resources on its core mission of educating people about humane treatment of chickens generally, versus diverting those resources to documenting and reporting *illegal* killing and discarding of chickens."  *Id.* (emphasis in original.)

Had Plaintiff not chosen to divert Steinau's time to investigate the Defendant, its mission "would have been totally unaffected" by Defendant's actions.  *BMC Mktg. Corp*, 28 F.3d at 1277.  Defendant's annual practice of Kapparot, standing alone, does not implicate or frustrate Plaintiff's mission of "education and advocacy" against the use of chickens in Kapparot.  While it may be true that the diversion of Steinau's time presents some cost to plaintiff, "it

4

results not from actions taken by [Defendant], but rather [Plaintiffs'] own budgetary choices." *Id.* at 1276.

Plaintiff has failed to establish that it has suffered an injury sufficient to establish Article III standing. *La Asociacion*, 624 F.3d at 1088. The Court therefore vacates the district court judgment and remands with instructions to dismiss for lack of jurisdiction.

**VACATED AND REMANDED**. The parties shall bear their own costs on appeal.